UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS L. FLUKER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) | 
| DAVIDSON COUNTY SHERIFF'S OFFICE, ET AL., | ) ) ) |
| Defendants. | ) |

3 09 0383

No. 3:09mc0082
Judge Campbell

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center in Nashville. He brings this action under 42 U.S.C. § 1983 against the Davidson County Sheriff's office and five named defendants. The plaintiff seeks money damages and injunctive relief.

The complaint stems from a November 15, 2008 shakedown, during which the plaintiff alleges that his dentures were broken. (Docket Entry No. 1, ¶ IV, p. 3) According to the plaintiff, he filed grievances regarding the alleged incident, but to no avail. (Docket Entry No. 1, ¶ IV, pp. 3-4) The plaintiff alleges that his grievance has been ignored, and that the defendants have engaged in a coverup to suppress the truth. (Docket Entry No. 1, ¶ IV, pp. 3-4)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the federal courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A successful § 1983 claimant must establish that the defendants acted knowingly or intentionally to violate his constitutional rights; mere negligence, recklessness, or mistakes are insufficient. *Daniels*, 474 U.S. at 333-36; *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants broke his dentures knowingly and/or intentionally. Absent an allegation and supporting facts to that end, the plaintiff cannot support a claim against the defendants under § 1983 based on the mere fact that his dentures were broken.

The plaintiff's only other apparent claim is that the defendants conspired during the grievance process to thwart his effort to resolve the matter. However, state law does not create a liberty interest in a jail/prison grievance procedure. *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, the plaintiff cannot premise a § 1983 claim based on allegations that the defendants' conspiracy to suppress the truth during the grievance process rendered the grievance procedure inadequate and/or unresponsive, because the plaintiff has no inherent constitutional right to an

2

adequate and/or responsive grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Argue v. Hofmeyer*, 80 Fed Appx. 427, 430 (6th Cir. 2003)(citing *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

For the reasons explained herein, the complaint lacks an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous.

An appropriate order will enter.

*Todd Campbell* (signature)

Todd Campbell
United States District Judge